SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
John T. Jasnoch (281605)
707 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  (619) 233-4565
Facsimile:  (619) 233-0508
Email: jjasnoch@scott-scott.com

*Attorneys for Plaintiff*

[Additional Counsel on Signature Page.]

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAEID AZIMPOUR, on Behalf of Himself and All Others Similarly Situated, | Case No. **'15 CV 2798 JLS  WVG** |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| | **DEMAND FOR JURY TRIAL** |
| vs. | |
| SEARS, ROEBUCK & COMPANY, | |
| Defendant. | |

Plaintiff Saeid Azimpour brings this action on behalf of himself and all others similarly situated against Defendant Sears, Roebuck & Company ("Sears" or "Defendant"), and states:

## I.    NATURE OF ACTION

1.    This is a class action regarding Defendant's false and misleading advertisement of "original" prices, "sale" prices, and corresponding phantom "markdowns" on merchandise sold in its retail stores.  During the Class Period (defined below), Defendant advertised false former prices and false price discounts for merchandise sold throughout its retail stores.

2.    During the Class Period, Defendant continually misled consumers by advertising merchandise at discounted "sale" prices.  Defendant would compare the "sale" prices to false former retail prices, which were misrepresented as "original" or "regular" retail prices.  The advertised discounts overstated and did not represent a *bona fide* price at which Defendant formerly sold the merchandise and were nothing more than mere phantom markdowns, because the represented former prices were artificially inflated and were never the original prices for merchandise sold at Defendant's retail stores.  In addition, the represented "original" prices were not the prevailing market retail prices within the three months immediately preceding the publication of the advertised former prices, as required by California law.

3.    Defendant conveys its deceptive pricing scheme to consumers through the use of various media platforms including, but not limited to, online promotional materials, in-store displays, and print advertisements.  The pricing scheme is prominently displayed with each "discounted" price listed adjacent to the "regular" prices, which never existed and/or did not constitute the prevailing market retail prices for such products within the three months immediately preceding the publication of the advertisement.  In addition, upon check-out, Defendant provides consumers, including Plaintiff, with sales receipts continuing the misrepresentations regarding false price discounts.

4.     Through its false and misleading marketing, advertising, and pricing scheme, Defendant violated, and continues to violate, California, federal, and other state law prohibiting advertising goods for sale as discounted from false former prices, and prohibiting misleading statements about the existence and amount of price reductions. Specifically, Defendant violated, and continues to violate, California Business and Professions Code §§17200, *et seq.* (the "UCL"), California Business and Professions Code §§17500, *et seq.* (the "FAL"), the California Consumers Legal Remedies Act, California Civil Code §§1750, *et seq.* (the "CLRA"), and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. §45(a)(1)) and false advertisements (15 U.S.C. §52(a)).

5.     Plaintiff brings this action on behalf of himself and other similarly situated consumers who have purchased one or more items at Defendant's retail stores that were deceptively represented as discounted from false former prices in order to halt the dissemination of this false, misleading, and deceptive price scheme, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased merchandise tainted by this scheme.   Plaintiff seeks to permanently enjoin Defendant from using false and misleading claims regarding retail price comparisons in its packaging, labeling, and advertising.   Further, Plaintiff seeks to obtain restitution and other appropriate relief in the amount by which Defendant was unjustly enriched as a result of its sales of merchandise offered at a false discount. Finally, Plaintiff seeks reasonable attorneys' fees pursuant to Cal. Code Civ. Proc. §1021.5 as this lawsuit seeks the enforcement of an important right affecting the public interest and satisfies the statutory requirements for an award of attorneys' fees.

## II.     JURISDICTION AND VENUE

6.     This Court has original jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C. §1332 (d)(2).   The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and at least some members of the proposed Classes have a different citizenship from Defendant.

7.     The Southern District of California has personal jurisdiction over Defendant because Defendant is a corporation or other business entity authorized to conduct and does conduct business in the State of California.   Defendant is registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market through the ownership and operation of over 200 retail stores within the State of California.

8.     Venue is proper under 18 U.S.C. §1965(a) because Defendant transacts substantial business in this District.   A substantial part of the events giving rise to Plaintiff's claims arose here.

## III.   PARTIES

### **Plaintiff**

9.     Plaintiff Saeid Azimpour resides in San Diego County, California. Azimpour, in reliance on Defendant's false and deceptive advertising, marketing, and "discount" pricing schemes, purchased merchandise from Defendant and was damaged thereby.

### **Defendant**

10.     Plaintiff alleges upon information and belief that Defendant Sears, Roebuck & Company is a New York corporation with its principal executive offices in Hoffman Estates, Illinois.   It is a subsidiary of the publicly traded Delaware corporation, Sears Holdings Corporation (NYSE: SHLD).   Defendant advertises, markets, distributes, and/or sells products to hundreds of thousands of consumers in California and throughout the United States.

## IV.   FACTUAL BACKGROUND

### A.     Sears Regularly Engages in Deceptive Pricing

11.     Consumers' Checkbook/Center for the Study of Services ("CSS") is an independent, nonprofit consumer organization based in Washington, D.C.   Its stated purpose is "to provide consumers information to help them get high quality services and products at the best possible prices."

12.     Beginning in June 2014, and continuing through March 2015, CSS conducted a survey of seven national retail chains and Amazon.com, tracking prices weekly for six to ten big-ticket items from each retailer.[1]  Most price checks were made online with spot checking of in-store prices.

13.     The CSS survey discovered that for some of the stores, including Sears, "some of the products for almost all of the weeks we checked were offered at sale prices."

14.     Specifically, the CSS report made the following findings regarding Sears' price discounting scheme:

> Of the seven chains we tracked, ***Sears had the most egregious always-on-sale pricing practices***: For the nine items we checked at Sears, almost all were almost always offered at a sale price.  Two of the items were offered at sale prices for 44 out of 44 weeks, one was offered at a sale price for 43 out of 44 weeks, and one was offered at a sale price for 40 out of 44 weeks.  Except for one item, all the items we tracked at Sears were always or almost always listed at sale prices.  During the rare times Sears sold items at their regular prices, they were still listed as being "on sale."  During these times, Sears simply omitted the item's regular price.

> Sears' sale prices are also shown as more steeply discounted from its regular prices than the sale prices of the other chains we checked.  Most items are shown as being on sale for 40% or more off their regular prices, leading customers to believe the "current" sale offers them fantastic deals.  The opposite is usually the case: Many items sold by Sears can be purchased for lower prices elsewhere.

> \* \* \*

> [F]or most of the items we tracked, Sears always or almost always listed them as being on sale.  For a few of the items, Sears charged its "regular" prices for only a few weeks.  And Sears seemed to list items at regular prices only during weeks that are historically low-traffic weeks (for example, at the end of summer for the mower we priced).  ***Checkbook.org believes Sears' pricing practices are deceptive and misleading***.

[Emphasis added.]

---

[1]     The report of the CSS survey "Sale Fail" can be found at http://www.checkbook.org/salefail/ (last accessed December 10, 2015).

15.    One representative item offered by Sears and tracked by CSS was offered at the "regular" price only once in the course of the study:



16.    As the CSS report put it, at Sears, ***"the sales often never end."*** [Emphasis added.]

**B.    Plaintiff's Purchase of Purported Discounted Merchandise**

17.    On July 19, 2015, Plaintiff entered Defendant's retail store located within the Westfield UTC shopping mall in San Diego, California.  He observed merchandise for which "regular" prices were listed alongside "discounted" prices in larger, bold fonts. Believing he was able to pay significantly less than what certain products were worth and typically sell for in the retail marketplace and/or from Defendant, Plaintiff was induced to purchase merchandise which was offered at a price considerably lower than the stated regular price.

18.    Specifically, relying upon Defendant's misrepresentations and false and deceptive advertising, Plaintiff purchased a Cannon firm density standard pillow.  The pricing information indicated that the regular price was $19.99, but was being offered at a "sale" price of $9.99, providing Plaintiff with a $10.00 "savings," or a 50% "discount." Upon information and belief, this purported original price and corresponding price discount and savings were false and misleading, as Defendant's actual regular price and

the prevailing retail price for the Cannon firm density standard pillow during the three months immediately prior to Plaintiff's purchase was not the $19.99 "regular" price advertised by Sears.  The item remains advertised at the same or similar purported discount on Defendant's Internet website as of the filing of this complaint.  *See* http://www.sears.com/home-bed-bath-bedding-basics-mattress-pads-pillows-bed-pillows/b-1348744802 (last accessed December 10, 2015).

19.    Plaintiff would not have purchased the merchandise without the misrepresentations made by Sears.  As a result, Plaintiff has been personally victimized by and suffered economic injury as a direct result of Defendant's unlawful, unfair, and fraudulent conduct.

20.    Furthermore, upon check-out on July 19, 2015, Sears provided Plaintiff with a sales receipt containing misleading information regarding false regular prices and discounts Plaintiff supposedly received on the merchandise he purchased.  Specifically, the receipt states "SALE" in large, bold, all-caps lettering directly above the item purchased and the amount paid for the item purportedly on sale.

21.    Defendant knows that its comparative price advertising is false, deceptive, misleading, and unlawful under California, federal, and other state law.

22.    Defendant fraudulently concealed from and intentionally failed to disclose to Plaintiff and other members of the Classes the truth about its advertised price and former prices.

23.    At all relevant times, Defendant has been under a duty to Plaintiff and the Classes to disclose the truth about its "regular" and former prices.

24.    Plaintiff relied upon Defendant's artificially inflated "regular" prices and false discounts when purchasing merchandise from Defendant.  Plaintiff would not have made such purchases but for Defendant's representations of fabricated "original" prices and false discounts.

25.    Plaintiff and the Classes reasonably and justifiably acted and relied on the substantial price differences that Defendant advertised, and made purchases believing that

they were receiving a substantial discount on an item of greater value than it actually was. Plaintiff, like other Class members, was lured in, relied on, and damaged by these pricing schemes that Defendant carried out.

26.     Defendant intentionally concealed and failed to disclose material facts regarding the truth about false former price advertising in order to provoke Plaintiff and the Classes to purchase merchandise in its retail stores.

## V.     CLASS ALLEGATIONS

27.     Plaintiff brings this action on behalf of himself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendant (the "Nationwide Class"):

> All persons who purchased one or more items from Defendant offered at a purported discount from an "original" or "regular" price any time between December 11, 2011 to the date of certification (the "Class Period").

28.     Plaintiff also brings this action individually and as a Class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all persons located within the state of California (the "California Class"):

> All individuals residing in the State of California who purchased one or more items from Defendant offered at a purported discount from an "original" or "regular" price any time between December 11, 2011 to the date of certification.

29.      Plaintiff also brings this action on behalf of all persons located within states with similar consumer protection laws (collectively with the Nationwide and California Classes, the "Classes").

30.     Excluded from the Classes is Defendant, as well as its officers, employees, agents, or affiliates, and any judge who presides over this action, as well as all past and present employees, officers, and directors of Sears.

31.     Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion

for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

32.    This action is brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.   This action satisfies the numerosity, typicality, adequacy, predominance, and superiority requirements of those provisions.

33.    ***Numerosity***: The Class members are so numerous that joinder of all members is impracticable.   Plaintiff is informed and believes that the proposed Classes contain hundreds of thousands of individuals who have been damaged by Defendant's conduct as alleged herein.   The precise number of Class members is unknown to Plaintiff.

34.    ***Existence and Predominance of Common Questions of Law and Fact***: This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.   These common legal and factual questions include, but are not limited to, the following:

a.    whether, during the Class Period, Sears used false "regular" or "original" price labels and falsely advertised price discounts on merchandise it sold in its retail stores;

b.    whether, during the Class Period, the "original" prices advertised by Sears were the prevailing market prices for the respective merchandise during the three months period preceding the dissemination and/or publication of the advertised former prices;

c.    whether Sears' alleged conduct constitutes violations of the laws asserted;

d.    whether Sears engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

e.    whether Sears engaged in false or misleading advertising;

f.    whether Plaintiff and the Classes are entitled to damages and/or restitution and the proper measure of that loss; and

g.    whether an injunction is necessary to prevent Sears from continuing to use false, misleading, or illegal price comparison.

35.   ***Typicality***:  Plaintiff's claims are typical of the claims of the members of the Classes because, *inter alia*, all Class members have been deceived (or were likely to be deceived) by Sears' false and deceptive price advertising scheme, as alleged herein. Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Classes.

36.   ***Adequacy***:  Plaintiff will fairly and adequately protect the interests of the members of the Classes.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no antagonistic or adverse interest to those of the Classes.

37.   ***Superiority***: The nature of this action and the nature of laws available to Plaintiff and the Classes make the use of the class action format a particularly efficient and appropriate procedure to afford relief to him and the Classes for the wrongs alleged. The damages or other financial detriment suffered by individual Class members is relatively modest compared to the burden and expense that would be entailed by individual litigation of their claims against Sears.  It would, thus, be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Absent the class action, Class members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Sears will be permitted to retain the proceeds of its fraudulent and deceptive misdeeds.

38.   All Class members, including Plaintiff, were exposed to one or more of Sears' misrepresentations or omissions of material fact claiming that former "original" advertised prices were in existence.  Due to the scope and extend of Sears' consistent false "discount" price advertising scheme, disseminated in a years-long campaign to consumers via a number of different platforms – in-store displays, media advertisements, print advertisements, etc. – it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Classes.  In addition, it can be reasonably presumed that all Class members, including Plaintiff,

affirmatively acted in response to the representations contained in Sears' false advertising scheme when purchasing merchandise from Sears.

39.    Sears keeps extensive computerized records of its customers through, *inter alia*, customer loyalty programs, co-branded credit cards, and general marketing programs.  Sears has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email and home addresses, through which notice of this action could be disseminated in accordance with due process requirements.

**CAUSES OF ACTION**

**<u>FIRST CAUSE OF ACTION</u>**
**Violation of Unfair Competition Law – Fraudulent Acts**
**Business and Professions Code §17200, *et seq*.**
**on Behalf of the California Class**

40.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

41.    The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. & Prof. Code §17200.

42.    The UCL imposes strict liability.  Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – only that such practices occurred.

43.    The harm to Plaintiff and California Class members outweighs the utility of Defendant's practices.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

44.    A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

45.    Defendant's acts and practices alleged above have deceived Plaintiff and are highly likely to deceive members of the consuming public.  Plaintiff relied on Defendant's

fraudulent and deceptive representations regarding its "regular" and "discount" prices. These misrepresentations played a substantial role in Plaintiff's decision to purchase Defendant's merchandise, and Plaintiff would not have purchased that merchandise without Defendant's misrepresentations.

46.     Defendant's violations of the UCL through its fraudulent business practices are ongoing and present a continuing threat that members of the public will be deceived into purchasing products based on price comparisons of arbitrary and inflated "regular" prices to "discount prices" that created phantom markdowns and led to financial damage for consumers, like Plaintiff and the California Class.

47.     In accordance with California Business and Professions Code §17203, Plaintiff seeks an order: (1) enjoining Defendant from continuing to conduct business through its fraudulent conduct; and (2) requiring Defendant to conduct a corrective advertising campaign.

48.     As a result of Defendant's conduct, Plaintiff seeks injunctive and restitutionary relief under California Business and Professions Code §17203.

## SECOND CAUSE OF ACTION
### Violation of Unfair Competition Law – Unlawful Acts
### Business and Professions Code §17200, *et seq*.
### on Behalf of the California Class

49.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

50.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. & Prof. Code §17200.

51.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

52.     The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. §45(a)(1)) and prohibits the dissemination of any false

advertisements.   (15 U.S.C. §52(a)).   Under the FTCA, false former pricing schemes similar to the ones implemented by Sears are described as deceptive practices that would violate the FTCA:

> (a)   One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article.  If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison.  Where the former price is genuine, the bargain being advertised is a true one.  If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.

> (b)   A former price is not necessarily fictitious merely because no sales at the advertised price were made.  The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of his business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16 C.F.R. §233.1.

53.   California law also expressly prohibits false former pricing schemes.  Cal. Bus. & Prof. Code §17501, entitled "*Worth or value; statements as to former price*," states:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

> ***No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement*** or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

[Emphasis added.]

54.     As detailed below, Cal. Civil Code §1770(a)(9) prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," and subsection (a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

55.     Defendant's practices, as set forth above, have misled Plaintiff, the proposed class, and the general public in the past and will continue to mislead in the future. Consequently, Defendant's practices constitute an unlawful business practice within the meaning of the UCL.

56.     Defendant's violations of the UCL through its unlawful business practices are ongoing and present a continuing threat that members of the public will be deceived into purchasing products based on price comparisons of arbitrary and inflated "regular" prices to "discount prices" that created phantom markdowns and lead to financial damage for consumers, like Plaintiff and the California Class.

57.     Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the California Class of all of Defendant's revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

### THIRD CAUSE OF ACTION
**Violation of Unfair Competition Law – Unfair Acts**
**Business and Professions Code §17200,** *et seq.*
**on Behalf of the California Class**

58.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

59.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. & Prof. Code §17200.

60.    A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

61.    Defendant's actions constitute "unfair" business acts or practices because, as alleged above, Defendant engaged in misleading and deceptive price comparison advertising that represented false "regular" prices and "discount" prices that were nothing more than fabricated "regular" prices leading to phantom markdowns.  Defendant's acts and practices offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

62.    Defendant engaged, and continues to engage, in conduct that violates the legislatively declared policies of: (1) California Civil Code §§1572, 1573, 1709, 1710, and 1711 against committing fraud and deceit; (2) California Civil Code §1770 against committing acts and practices intended to deceive consumers regarding the representation of goods in certain particulars; (3) 15 U.S.C. §§45(a)(1) and 52(a) against unfair or deceptive practices and false advertising; and (4) California Business and Professions Code §17500 against false advertising. Defendant gains an unfair advantage over its competitors, whose labeling, advertising, and marketing for other similar products must comply with these laws.

63.    Defendant's conduct, including misrepresenting the pricing of its merchandise, is substantially injurious to consumers.  Such conduct has caused, and continues to cause, substantial injury to consumers because consumers would not have purchased its merchandise at all but for Defendant's false promotion of its merchandise as, among other things, being offered at a significant discount.  Consumers have, thus, overpaid for Sears merchandise.  Such injury is not outweighed by any countervailing benefits to consumers or competition.  Indeed, no benefit to consumers or competition results from Defendant's conduct.  Since consumers reasonably rely on Defendant's

representations of its merchandise and injury results from ordinary use of its merchandise, consumers could not have reasonably avoided such injury. *Davis v. Ford Motor Credit Co.*, 179 Cal. App. 4th 581, 597-98 (2009); *see also Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010) (outlining the third test based on the definition of "unfair" in Section 5 of the FTCA).

64.   By committing the acts alleged above, Defendant has engaged in unfair business acts and practices which constitute unfair competition within the meaning of California Business and Professions Code §17200.

65.   Plaintiff purchased Sears merchandise in reliance on Defendant's representations that its merchandise is, among other things, being offered at a significant discount.  Plaintiff would not have purchased its merchandise at all but for Defendant's false promotion that its merchandise is, among other things, being offered at a significant discount.  Plaintiff and the California Class have all paid money for Sears merchandise. However, Plaintiff and the California Class did not obtain the full value of the advertised product due to Defendant's misrepresentations regarding the nature of said products. Accordingly, Plaintiff and the California Class have suffered injury in fact and lost money or property as a direct result of Defendant's misrepresentations and material omissions.

66.   In accordance with California Business and Professions Code §17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through its fraudulent conduct and further seeks an order requiring Defendant to conduct a corrective advertising campaign.

67.   As a result of Defendant's conduct, Plaintiff seeks injunctive and restitutionary relief under California Business and Professions Code §17203.

### FOURTH CAUSE OF ACTION
**Violation of the California False Advertising Law,
California Business and Professions Code §17500,** *et seq.*
**on Behalf of the California Class**

68.   Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

69.     Cal. Bus. & Prof. Code §17500 provides that:

[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is ***untrue*** or ***misleading***, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . .

[Emphasis added.]

70.     The "intent" required by Cal. Bus. & Prof. Code §17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

71.     Similarly, this section provides, "[n]o price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement."  Cal Bus. & Prof. Code §17501.

72.     Defendant's routine of advertising "regular" sales prices associated with its merchandise, which were never the true prevailing prices of those products and were materially greater than the true prevailing prices was an unfair, untrue, and misleading practice.  This deceptive marketing practice gave consumers the false impression that the products were regularly sold on the market for a substantially higher price than they actually were.  Therefore, leading to the false impression that the merchandise was worth more than it actually was.

73.     Defendant misled consumers by making untrue and misleading statements and failing to disclose what is required as stated in the Code, as alleged above.

74.     As a direct and proximate result of Defendant's misleading and false advertisements Plaintiff and California Class members have suffered injury in fact and

have lost money.  As such, Plaintiff requests that this Court order Defendant to restore this money to Plaintiff and all California Class members, and to enjoin Defendant from continuing these unfair practices in violation of the UCL in the future.  Otherwise, Plaintiff, California Class members, and the broader general public will be irreparably harmed and/or denied an effective and complete remedy.

**FIFTH CAUSE OF ACTION**
**Violation of the Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §1750,** *et seq.*
**on Behalf of the California Class**

75.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

76.    This cause of action is brought pursuant to the Consumers Legal Remedies Act ("CLRA"), California Civil Code §1750, *et seq.*, and similar laws in other states. Plaintiff and each member of the proposed class are "consumers" as defined by California Civil Code §1761(d).  Defendant's sale of merchandise to Plaintiff and the California Class were "transactions" within the meaning of California Civil Code §1761(e).  The products purchased by Plaintiff and the California Class are "goods" within the meaning of California Civil Code §1761(a).

77.    Defendant violated, and continues to violate, the CLRA by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the California Class which were intended to result in, and did result in, the sale of merchandise:

      a.    representing that its merchandise has characteristics, uses, and/or benefits, which it does not;

      b.    advertising goods or services with intent not to sell them as advertised;

      c.    making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.

78.    Pursuant to §1782(a) of the CLRA, on December 10, 2015, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of

§1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act.

79.    Plaintiff and the California Class suffered injuries caused by Defendant's misrepresentations because: (a) they were induced to purchase a product they would not have otherwise purchased if they had known that Sears merchandise was not, among other things, being offered at a significant discount; and/or (b) they paid a price premium due to the false and misleading pricing, advertising, and marketing of Sears merchandise.

80.    Plaintiff and the California Class are entitled to, pursuant to California Civil Code §1780, an order enjoining the above-described wrongful acts and practices of Defendant, the payment of costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court under California Civil Code §1780.

**SIXTH CAUSE OF ACTION**
**Unjust Enrichment on Behalf of the Classes,**
**or in the Alternative, on Behalf of the California Class**

81.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

82.    Plaintiff brings this claim individually, as well as on behalf of members of the Classes, under California law.  Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.  In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched.  At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff.  The focus of the inquiry is the same in each state.  Since there is no material conflict relating to the elements of unjust enrichment between the different jurisdictions from which Class members will be drawn, California law applies to the claims of the Classes.

83.    In the alternative, Plaintiff brings this claim individually as well as on behalf of the California Class.

84. At all times relevant hereto, Defendant deceptively priced, marketed, advertised, and sold merchandise to Plaintiff and the Classes.

85. Plaintiff and members of the Classes conferred upon Defendant non-gratuitous payments for merchandise that they would not have if not for Defendant's deceptive pricing, advertising, and marketing. Defendant accepted or retained the non-gratuitous benefits conferred by Plaintiff and members of the Classes, with full knowledge and awareness that, as a result of Defendant's deception, Plaintiff and members of the Classes were not receiving a product of the quality, nature, fitness, or value that had been represented by Defendant and reasonable consumers would have expected.

86. Defendant has been unjustly enriched in retaining the revenues derived from purchases of merchandise by Plaintiff and members of the Classes, which retention under these circumstances is unjust and inequitable because Defendant misrepresented, among other things, that its merchandise was being offered at a significant discount, which caused injuries to Plaintiff and members of the Classes because they paid for, and/or paid a price premium due to the misleading pricing and advertising.

87. Retaining the non-gratuitous benefits conferred upon Defendant by Plaintiff and members of the Classes under these circumstances made Defendant's retention of the non-gratuitous benefits unjust and inequitable. Thus, Defendant must pay restitution to Plaintiff and members of the Classes for unjust enrichment, as ordered by the Court.

### SEVENTH CAUSE OF ACTION
**Violations of the Consumer Protection Laws on Behalf
of Classes in the States with Similar Laws**

88. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

89. Plaintiff brings this Count individually under the laws of California and on behalf of all other persons who purchased merchandise in states having similar laws regarding consumer fraud and deceptive trade practices.

90.     Plaintiff and each of the other members of the Classes are consumers, purchasers, or other persons entitled to the protection of the consumer protection laws of the state in which they purchased merchandise from Sears.

91.     The consumer protection laws of the state in which Plaintiff and the other members of the Classes purchased Sears merchandise declare that unfair or deceptive acts or practices, in the conduct of trade or commerce, are unlawful.

92.     Forty states and the District of Columbia have enacted statutes designed to protect consumers against unfair, deceptive, fraudulent, and unconscionable trade and business practices and false advertising that allow consumers to bring private and/or class actions.  These statutes are found at:

  a. Alabama Deceptive Trade Practices Act, Ala. Code §8-19-1, *et seq*.;

  b. Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Code §45.50.471 *et seq*.;

  c. Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §4-88-101, *et seq*.;

  d. California Consumers Legal Remedies Act, Cal. Civ. Code §1750, *et seq*., and California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq*.;

  e. Colorado Consumer Protection Act, Colo. Rev. Stat. §6-1-101, *et seq*.;

  f. Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110a, *et seq*.;

  g. Delaware Deceptive Trade Practices Act, Del. Code tit. 6§2511, *et seq*.;

  h. District of Columbia Consumer Protection Procedures Act, D.C. Code §28 3901, *et seq*.;

  i. Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §501.201, *et seq*.;

j.      Georgia Fair Business Practices Act, Ga. Code Ann. §10-1-390, *et seq*.;

k.      Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statues §480-1, *et seq*., and Hawaii Uniform Deceptive Trade Practices Act, Haw. Rev. Stat. §481A-1, *et seq*.;

l.      Idaho Consumer Protection Act, Idaho Code Ann. §48-601, *et seq*.;

m.      Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505/1, *et seq*.;

n.      Kansas Consumer Protection Act, Kan. Stat. Ann §50 626, *et seq*.;

o.      Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §367.110, *et seq*., and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann §365.020, *et seq*.;

p.      Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §51:1401, *et seq*.;

q.      Maine Unfair Trade Practices Act, Me. Rev. Stat. tit. 5 §205A, *et seq*., and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. tit. 10, §1211, *et seq*.;

r.      Massachusetts Unfair and Deceptive Practices Act, Mass. Gen. Laws ch. 93A;

s.      Michigan Consumer Protection Act, Mich. Comp. Laws §445.901, *et seq*.;

t.      Minnesota Prevention of Consumer Fraud Act, Minn. Stat. Ann.§325F.68 *et seq*., and Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §325D.43, *et seq*.;

u.      Mississippi Consumer Protection Act, Miss. Code Ann. §§75-24-1, *et seq*.;

v.      Missouri Merchandising Practices Act, Mo. Rev. Stat. §407.010, *et seq*.;

w.    Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. §30-14-101, *et seq.*;

x.    Nebraska Consumer Protection Act, Neb. Rev. Stat. §59-1601, *et seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §87-301, *et seq.*;

y.    Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §598.0903, *et seq.*;

z.    New Hampshire Consumer Protection Act, N.H. Rev. Stat. §358-A:1, *et seq.*;

aa.    New Jersey Consumer Fraud Act, N.J. Stat. Ann. §56:8 1, *et seq.*;

bb.    New Mexico Unfair Practices Act, N.M. Stat. Ann. §57 12 1, *et seq.*;

cc.    New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law *§349*, *et seq.*;

dd.    North Dakota Consumer Fraud Act, N.D. Cent. Code §51 15 01, *et seq.*;

ee.    Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §1345.02 and 1345.03; Ohio Admin. Code §109:4-3-02, 109:4-3-03, and 109:4-3-10;

ff.    Oklahoma Consumer Protection Act, Okla. Stat. tit. 15 §751, *et seq.*;

gg.    Oregon Unfair Trade Practices Act, Ore. Rev. Stat §646.608(e) & (g);

hh.    Rhode Island Unfair Trade Practices And Consumer Protection Act, R.I. Gen. Laws §6-13.1-1, *et seq.*;

ii.    South Carolina Unfair Trade Practices Act, S.C. Code Ann. §39-5-10, *et seq.*;

jj.    South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§37 24 1, *et seq.*;

kk.    Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-101, *et seq.*;

ll.   Vermont Consumer Fraud Act, Vt. Stat. Ann. tit. 9, §2451 *et seq.*;

mm.   Washington Consumer Fraud Act, Wash. Rev. Code §19.86.010, *et seq.*;

nn.   West Virginia Consumer Credit and Protection Act, West Virginia Code §46A-6-101, *et seq.*; and

oo.   Wisconsin Deceptive Trade Practices Act, Wis. Stat. §100.18, *et seq.*

93.   Defendant's merchandise constitutes products to which these consumer protection laws apply.

94.   In the conduct of trade or commerce regarding the pricing, advertising, marketing, and sale of its merchandise, Defendant engaged in one or more unfair or deceptive acts or practices, including, but not limited to, uniformly representing to Plaintiff and each member of the Classes by means of the pricing and advertising of its merchandise that it was, among other things, being offered at a discount, as described herein.

95.   Defendant's representations and omissions were false, untrue, misleading, deceptive, and/or likely to deceive.

96.   Defendant knew, or should have known, that its representations and omissions were false, untrue, misleading, deceptive, and/or likely to deceive.

97.   Defendant used or employed such deceptive and unlawful acts or practices with the intent that Plaintiff and members of the Classes rely thereon.

98.   Plaintiff and the other members of the Classes did so rely.

99.   Plaintiff and the other members of the Classes purchased merchandise sold by Defendant which misrepresented the magnitude of the price discounts offered for the merchandise.

100.   Plaintiff and the other members of the Classes would not have purchased such merchandise but for Defendant's deceptive and unlawful acts.

101.   As a result of Defendant's conduct, Plaintiff and the other members of the Classes sustained damages in amounts to be proven at trial.

102.    Defendant's conduct showed complete indifference to, or conscious disregard for, the rights and safety of others such that an award of punitive and/or statutory damages is appropriate under the consumer protection laws of those states that permit such damages to be sought and recovered.

## VI.    PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and on behalf of the other members of the Classes, requests that this Court award relief against Sears as follows:

A.    An order certifying the Classes and designating Plaintiff as the Class Representative and his counsel as Class Counsel;

B.    Awarding Plaintiff and the proposed Class members damages;

C.    Awarding restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of its unlawful, unfair, and fraudulent business practices described herein;

D.    Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its misconduct and pay them all money they are required to pay;

E.    Order Defendant to engage in a corrective advertising campaign;

F.    Awarding attorneys' fees and costs; and

G.    For such other and further relief as the Court may deem necessary or appropriate.

## VIII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all of the claims so triable.

Dated:  December 11, 2015

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

*s/* John T. Jasnoch

John T. Jasnoch (281605)
jjasnoch@scott-scott.com
Joseph Pettigrew (236933)
jpettigrew@scott-scott.com
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
Joseph P. Guglielmo
jguglielmo@scott-scott.com
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: 212-223-6444
Facsimile: 212-223-6334

COMPLAINT

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
Erin G. Comite
ecomite@scott-scott.com
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432

CARPENTER LAW GROUP
Todd D. Carpenter (234464)
todd@carpenterlawyers.com
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: 619-756-6994
Facsimile: 619-756-6991

CARLSON LYNCH SWEET & KILPELA, LLP
Gary F. Lynch
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412-253-6307

WOOD LAW FIRM, LLC
E. Kirk Wood
ekirkwood1@bellsouth.net
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone: 205-908-4906
Facsimile: 866-747-3905

*Attorneys for Plaintiff*